INTERURBAN RY. & TERM. CO. v. JOHN BIERMAN.

1. VERDICT FOR $3,500 DAMAGE FOR INJURIES TO A DRIVER EXCESSIVE WHEN HE RETURNED TO WORK IN SIX WEEKS.
    A verdict for $3,500 damage for injuries to a driver sustained by a collision with a car is excessive where it appears that plaintiff was able to return to permanent employment six weeks after the injury.
2. EFFECT OF IMPROPER REMARKS MADE IN ARGUMENT MAY NOT BE CURED BY DIRECTION OF COURT TO BE INFLUENCED BY EVIDENCE ONLY.
    The effect upon the jury of improper remarks made by counsel in argument may not be removed and cured by the direction of the court to the jury to be influenced by the evidence only, and a new trial may be granted on the ground of such misconduct.

ERROR to Hamilton common pleas court.

The plaintiff was thrown from his seat on a wagon to the street in a collision with an interurban car. He complained of severe injury to his spine and nervous shock. The jury gave him $4,500, but the trial judge reduced the verdict to $3,500.

F. F. Dinsmore, for plaintiff in error.
Theodore Horstman, for defendant in error.

SMITH, J.
    The court has carefully read the record in the above case and has had it under consideration for some time. While we think a verdict

if properly rendered for defendant in error might not be against the weight of the evidence, yet we are of the opinion that the amount of the judgment to which the trial court reduced the original verdict is far in excess of what the defendant in error was entitled.

The evidence discloses that the defendant in error after being thrown out of employment for about six weeks on account of his injuries, returned to work, and practically had steady employment thereafter, earning as high as $1.75 a day.

It is hard to understand how a jury could return the verdict it did, unless it was influenced by something extrinsic of the evidence.

In this regard the record discloses what took place before the jury in argument, and sets forth certain statements made therein by counsel for defendant in error. While the trial court cautioned counsel, and told the jury to be influenced only by the evidence and not by any personal reference to counsel for the plaintiff in error, yet the statements had been heard by the jury, and we do not think their effect was removed. In such cases the jury is apt to try and determine the case as made by statements of attorneys rather than to determine it upon the evidence and the law. If justice is to be done in the trial of any case it should be upon the latter two elements; all other things should be eliminated, otherwise a fair conclusion cannot be reached.

It seems unnecessary to say anything further upon this matter, as, taken in connection with the amount of the judgment, we think its effect was harmful.

We find no error in the charge of the court, and would not attempt to say under the evidence in this case what the amount of the verdict should be, except that the present judgment is excessive. We believe that the case for the above reasons should be reversed and again submitted to a jury.

Judgment reversed.

**Giffen** and **Swing, JJ.**, concur.